# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DUANE FUNDERBURG,

    Plaintiff,

v.                                                      Case No. 15-10068
                                                       Hon. Denise Page Hood

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## and
## DISMISSING ACTION

    This matter is before the Court on Magistrate Judge Mona K. Majzoub's Report and Recommendation. **[Doc. No. 19, filed February 5, 2016]** Timely objections and a response to the objections were filed in this matter. **[Doc. Nos. 20]**

    Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at

397. The decision of the Commissioner must be upheld if supported by substantial eidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons. Plaintiff objects to the Magistrate Judge's: (a) alleged failure to consider severe impairments, including prostate cancer, thus formulating a faulty residual functional capacity, (b) acceptance of the ALJ's credibility assessment, which Plaintiff contends violates SSR 96-7, and (c) finding that the Commissioner proved the existence of step five of the sequential analysis.

In reviewing Plaintiff's filings in this Court, the Court notes that Plaintiff's objections are merely a restatement the arguments he presented in his summary judgment brief,[1] an approach that is not appropriate or sufficient. *See, e.g., O'Connell v. Comm'r of Soc. Sec.*, 2016 WL 537771, at *1 (E.D. Mich. Feb. 11, 2016) (citing *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F.Supp.2d 32, 34

---

[1] In fact, the overwhelming majority of the text in Plaintiff's Objections has been pulled verbatim from his summary judgment brief. For Objection 1, *compare* Docket No. 14, at 18-19 with Docket No. 20, at 2-3; for Objection 2, *compare* Docket No. 14, at 20 with Docket No. 20, at 3-4; and for Objection 3, *compare* Docket No. 14, at 24-25 with Docket No. 20, at 5.

(D.P.R. 2004)); *Davis v. Caruso*, No. 07-10115, 2008 WL 540818, at *2 (E.D. Mich. Feb. 25, 2008) (denying an objection to an R&R where, among other things, Plaintiff "merely rehashe[d] his arguments"). As the Western District of Michigan has explained:

> This Court is not obligated to address objections made in this form because the objections fail to identify the *specific* errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act…which serves to reduce duplicative work and conserve judicial resources."

*Owens v. Comm'r of Soc. Sec.,* No. 12-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) (citations omitted) (emphasis in original). *See also* Fed. R. Civ. P. 72(b)(2) (objecting party is required to "file specific written objections to the proposed findings and recommendations" ). As Plaintiff has failed to file specific written objections to the Magistrate Judge's proposed findings and recommendations, the Court need not and does not analyze his objections.

The Court accepts the Magistrate Judge's Report and Recommendation as this Court's findings of fact and conclusions of law.

For the reasons set forth above,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Mona K. Majzoub **[Doc. No. 19, filed February 5, 2016]** is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

3

**IT IS FURTHER ORDERED** that Plaintiff's Objections **[Doc. No. 20, filed February 18, 2016]** are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[Doc. No. 14, filed July 1, 2015]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment **[Doc. No. 16, filed August 7, 2015]** is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: March 22, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 22, 2016, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager